UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TABATHA LYNN SHADBURNE,
*individually and on behalf of all others
similarly situated*,                                    Plaintiff,

v.                                         Civil Action No. 3:17-cv-130-DJH-DW

BULLITT COUNTY, KENTUCKY, et al.,                       Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

In this putative class action, Plaintiff Tabatha Lynn Shadburne seeks to represent a class of individuals whom Bullitt County Jailer Martha Knox allegedly strip-searched upon admission to the Bullitt County Jail without reasonable suspicion that they were carrying weapons or contraband, in violation of the United States Constitution. (Docket No. 1, PageID # 1) Defendants move for summary judgment, correctly arguing that recent Supreme Court precedent forecloses that federal claim. (*See* D.N. 7) In her response to Defendants' motion, as well as various supplemental filings with the Court, Shadburne maintains that Defendants have misconstrued her complaint and that her claim is not barred. (*See, e.g.*, D.N. 10) Defendants have not misconstrued Shadburne's claim, however. Rather, Shadburne recharacterizes her claim in an attempt to amend her complaint through a response to a motion for summary judgment. Because the Federal Rules of Civil Procedure do not allow this practice, Shadburne's federal claim—as it is pleaded in her complaint—fails as a matter of law. The Court will therefore grant Defendants' motion for summary judgment and dismiss Shadburne's federal claim. Having disposed of the only basis for subject-matter jurisdiction, the Court will decline to

1

exercise supplemental jurisdiction over Shadburne's state-law claims and dismiss those claims without prejudice.

## I. Background

The following facts are undisputed. (*See* D.N. 10; D.N. 12) Shadburne was arrested on December 8, 2016, on a bench warrant issued by the Bullitt County Family Court. (D.N. 1, PageID # 5) Prior to her arrest, the Family Court set her bond at $350. (*Id.*) Shadburne alleges that upon arriving at the Bullitt County Jail, she told the processing officers that she had enough money on her person to post bond. (*Id.*) Nevertheless, the officers took her to a private room to conduct a strip search as part of the Jail's intake policy. (*Id.*) After the search, Shadburne was placed in a holding cell with another female detainee. (*Id.*) Once the officers had finished processing the other detainees in the intake queue, they processed Shadburne's bond payment and released her. (D.N. 12-2)

In this action, Shadburne seeks to represent all persons "arrested for minor offenses, or no offenses at all, who were required by the Defendants . . . to remove their clothing for a visual inspection on admission to the Jail despite the absence of any reasonable suspicion that they were carrying or concealing weapons or contraband." (D.N. 1, PageID # 1) Shadburne pursues damages under 42 U.S.C. § 1983 for Defendants' alleged unconstitutional actions. (*Id.*, PageID # 8) She also asserts two claims under Kentucky common law and seeks declaratory judgment and permanent injunctive relief. (*Id.*, PageID # 8–9)

Defendants move for summary judgment, arguing that Shadburne's federal claim is foreclosed by Supreme Court precedent. (D.N. 7-1) Defendants also move to stay discovery (D.N. 35) and to supplement their motion for summary judgment (D.N. 21). Meanwhile, Shadburne moves to stay resolution of Defendants' motion for summary judgment pending

discovery. (D.N. 11) She also moves to supplement her response to Defendants' motion for summary judgment (D.N. 18; D.N. 20; D.N. 39), to lift or stay the protective order established in this case (D.N. 36; D.N. 46), and to compel discovery (D.N. 38).

## II. Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To survive a motion for summary judgment, the nonmoving party must establish a genuine issue of material fact with respect to each element of each of its claims. *Celotex Corp.*, 477 U.S. at 323 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. For purposes of summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

## III. Discussion

**A. Section 1983 Claim**

Defendants argue that Shadburne's § 1983 claim is foreclosed by a recent Supreme Court decision. (*See* D.N. 7-1) In *Florence v. Board of Chosen Freeholders of the County of Burlington*, the Supreme Court held that officials may conduct suspicionless strip searches on detainees committed to the facility's general population without violating the Constitution.[1] 566

---

[1] In her response to Defendants' motion for summary judgment, Shadburne alleges that because she was not bound for the jail's general population, she falls outside *Florence*'s scope. (*See* D.N. 10) Notably, however, her complaint does not contain this nuanced allegation. (*See* D.N. 1) As explained below, Shadburne's attempt to recharacterize her claim constitutes an improper attempt to amend her complaint through a response brief.

3

U.S. 318, 330–39 (2012). In light of *Florence*, Shadburne's federal claim fails as a matter of law. First, given her complaint's repeated references to "suspicion" and "reasonable grounds," the class allegation that Shadburne asserts in her complaint is the exact claim rejected in *Florence*. (*See* D.N. 1, PageID # 1 ("Shadburne files this action . . . on behalf of all persons . . . who were required by the Defendants . . . to remove their clothing . . . despite the absence of any *reasonable suspicion* that they were carrying or concealing weapons or contraband." (emphasis added)); *id.*, PageID # 2 ("The class consists of all individuals arrested for minor offenses who were required to remove their clothing for a visual inspection on admission to the jail, despite the absence of any *reasonable suspicion* that they were carrying or concealing weapons or contraband." (emphasis added)); *id.*, PageID # 3 ("Plaintiff alleges . . . that Defendants regularly require all persons arrested for non-violent minor offenses . . . to remove their clothing . . . even though there exist[] no *reasonable grounds* for believing that weapons or contraband have been concealed upon their persons." (emphasis added))) Second, Shadburne's individual allegation also fails, as it too is the exact claim rejected in *Florence*. (*See* D.N. 1, PageID # 5 ("At the time of her arrest and booking . . . [Shadburne] was a . . . woman . . . who had never been charged with a crime in her life . . . and for whom there could be *no suspicion, reasonable or otherwise,* she carried contraband in her body." (emphasis added)); *id.*, PageID # 6 ("Neither her behavior, nor her background, gave Defendants any *reasonable grounds* for believing that she might be carrying or concealing weapons or other contraband." (emphasis added))

Recognizing that *Florence* forecloses her federal claim as it is pleaded in her complaint, Shadburne recharacterizes her claim in her response to Defendants' motion for summary judgment. (*See* D.N. 10, PageID # 36 ("The Plaintiff's claim is broader than [what was rejected

in *Florence*]: She claims she was strip searched . . . by a jail which lacked authority to detain her at all, because the conditions of her bail, payment of $350.00, w[ere] met the second she walked through the door.")) She also alleges that she falls outside *Florence*'s scope, as she was not bound for the jail's "general population." (*Id.*, PageID # 44) But Shadburne may not amend her complaint through arguments in her response to a motion for summary judgment. *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007); *see also Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005).[2] In her complaint, Shadburne seeks to represent all persons whom Defendants allegedly strip-searched without reasonable suspicion. (*See* D.N. 1, PageID # 1) Now, in her response to Defendants' motion for summary judgment, Shadburne presumably seeks to represent all persons who had the ability to post bond upon arrival at the jail but were detained and strip-searched anyway—or individuals who were strip-searched despite not being committed to the jail's general population.[3] These are

---

[2] The fact that Shadburne was within the timeframe for filing an amendment as a matter of course under Federal Rule of Civil Procedure 15(a) when she filed her response to Defendants' motion for summary judgment does not change this conclusion. *See Tucker*, 407 F.3d at 788 ("Once a case has progressed to the summary judgment stage . . . the liberal pleading standard under . . . the Federal Rules [is] inapplicable." (internal alterations and quotations omitted)). Moreover, where a party requests leave to amend her pleading in a response brief, without properly amending her complaint as a matter of course or filing a separate motion for leave to amend, district courts do not abuse their discretion in denying the request. *See Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 322 (6th Cir. 2017) ("This court has consistently affirmed a district court's denial of such a request in similar situations where plaintiffs have barely attempted to follow the proper amendment procedures."). Here, Shadburne fails even to mention the possibility of amendment in her response.

[3] The Court uses the word "presumably" because Shadburne does not explicitly tie her recharacterized claim to her previous class allegation. In other words, even in her response, Shadburne fails to assert that she seeks to represent a class of persons typical to her *revised* situation (i.e., individuals who had the money for bond but were processed and strip-searched anyway, or individuals searched even though they were not bound for the jail's general population). In such an instance, the Court must adopt the class definition contained in Shadburne's complaint, as it is the only precise class definition Shadburne provided. *See Adams v. Fed. Materials Co., Inc.*, No. 5:05-CV-90-R, 2006 WL 3772065, at *3 (W.D. Ky. Dec. 19, 2006) ("The class definition must be precise . . . ."). Because the class as defined in Shadburne's

fundamentally different classes, however, that would rely on different legal grounds for relief. Shadburne may not change the class definition in a response to a motion for summary judgment. *See Bridgeport Music, Inc.*, 508 F.3d at 400; *Tucker*, 407 F.3d at 788.

The analysis is the same for Shadburne's individual allegation. While her complaint alleges one claim (i.e., Defendants violated her constitutional rights by strip-searching her without reasonable suspicion), her response brief changes her claim substantially (i.e., because she had enough money to post bond, she was not bound for the jail's general population and thus *Florence*'s holding is inapplicable). Indeed, at moments in her response brief, Shadburne insinuates that her claim is actually one of illegal detention. (*See* D.N. 10, PageID # 40) But illegal detention is a different constitutional claim than the illegal-search claim asserted in her complaint. *Cf. Dean v. Earle*, 866 F. Supp. 336, 339 (W.D. Ky. Oct. 28, 1994) ("[A] plaintiff alleging false imprisonment under § 1983 must establish that his imprisonment was without legal authority."); *Kick v. Christian Cty., Ky.*, No. 5:16-CV-00074-TBR, 2017 WL 2312698, at *3 (W.D. Ky. May 26, 2017) ("Determining the reasonableness of a strip search under the Fourth Amendment requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." (internal quotations omitted)). In fact, the complaint makes only a passing reference in its facts section to Shadburne's ability to make bond and never mentions anything concerning an illegal detention. (*See* D.N. 1, PageID # 5) Shadburne may not amend her complaint at this stage of the proceedings. *See Bridgeport Music, Inc.*, 508 F.3d at 400; *Tucker*, 407 F.3d at 788.

In sum, there is simply no ambiguity regarding the nature of Shadburne's claims. In the complaint, in support of her allegations, Shadburne cites three cases, all of which pre-date

---

complaint asserts a claim foreclosed by *Florence*, Shadburne may not proceed with her class allegation.

*Florence* and two of which were expressly or implicitly abrogated by *Florence*'s holding. *See Bell v. Wolfish*, 441 U.S. 520 (1979), *examined by Florence*, 566 U.S. 318; *Masters v. Crouch*, 872 F.2d 1248 (6th Cir. 1989), *abrogation recognized by T.S. v. Doe*, 742 F.3d 632 (6th Cir. 2014); *Kimberly Miracle v. Bullitt County, Kentucky*, No. 05–130–C, 2009 WL 2240390, at *1 (W.D. Ky. July 24, 2009), *relevant part implicitly abrogated by Florence*, 441 U.S. 520. Therefore, Shadburne's § 1983 claim—as it is pleaded in her complaint—fails as a matter of law in light of *Florence*.[4]

**B. State Claims**

"[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)). Because Shadburne's § 1983 claim will be dismissed, the Court declines to exercise supplemental jurisdiction over her state-law claims. *See* 28 U.S.C. § 1367(c)(3). Shadburne may pursue these claims in state court. *See Rouster*, 749 F.3d at 454.

**C. Additional Pending Motions**

Because the Court's resolution of Defendants' motion for summary judgment does not turn on a factual determination, no amount of discovery would salvage Shadburne's § 1983 claim. *See generally Toms v. Taft*, 338 F.3d 519, 523 (6th Cir. 2003) ("[T]he district court did

---

[4] Shadburne's remaining arguments in opposition to Defendants' motion for summary judgment are unpersuasive. First, Defendants' motion is not premature because no amount of discovery would salvage Shadburne's claim, since the Court's disposition does not turn on a factual determination. Second, Defendants' motion is not "overly broad." (D.N. 10, PageID # 35) The Defendants need not address Shadburne's state-law claims to dismiss this action in whole if the Court declines to exercise supplemental jurisdiction over her state-law claims, as it does here. Finally, it is irrelevant whether Defendants violated their own policy regarding strip searches. *See Smith v. Erie Cty. Sheriff's Dep't*, 603 F. App'x 414, 421 (6th Cir. 2015) ("Failure to comply with jail policy is not a *per se* constitutional violation." (citing *Meier v. Cty. of Presque Isle*, 376 F. App'x 524, 529 (6th Cir. 2010)).

not abuse its discretion by granting summary judgment before discovery had commenced. The basis for the district court's decision was its finding that defendants were protected by qualified immunity, a purely legal question."). The Court will therefore deny as moot her pending discovery motions. Additionally, the Court has viewed Shadburne's proposed supplements to her response to Defendants' motion for summary judgment. The supplements are largely a rehash of arguments already contained in her response, and at most contain facts that are not determinative in resolving Defendants' motion. (*See* D.N. 18-1; D.N. 20-1; D.N. 39-1) The Court will therefore deny as moot Shadburne's motions to supplement her response to Defendants' motion for summary judgment.

## IV. Conclusion

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Defendants' motion for summary judgment (D.N. 7) is **GRANTED**. Shadburne's § 1983 claim is **DISMISSED** with prejudice.

(2) Shadburne's remaining state-law claims are **DISMISSED** without prejudice.

(3) Shadburne's motion to stay summary judgment pending discovery (D.N. 11), motions to supplement her response to Defendants' motion for summary judgment (D.N. 18; D.N. 20; D.N. 39), motion in limine to lift the protective order (D.N. 36), motion to compel discovery (D.N. 38), and motion to stay the protective order (D.N. 46) are **DENIED** as moot.

(4) Defendants' motion to supplement their motion for summary judgment (D.N. 21) and motion to stay discovery (D.N. 35) are **DENIED** as moot.

(5) A separate judgment will be entered this date.

March 28, 2018

David J. Hale, Judge
United States District Court